STATE OF MAINE
PENOBSCOT, SS:

MIDFIRST BANK,

Plaintiff

v.

KEVIN G. SHERRARD,
and
CARLA D. SHERRARD,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-10-093

)
)
) **JUDGMENT OF FORECLOSURE AND**
) **ORDER OF SALE**
)
) 10 Sinclair Rd., Levant, Maine
)
) Mortgage Recorded in Book 11166,
) Page 209
)
)

Upon Motion for Summary Judgment filed by Plaintiff in connection with its Complaint for Foreclosure by Civil Action and in consideration of the pleadings, affidavits, admissions and/or deemed admissions of record, it appearing that there is no genuine issue as to any material fact, Plaintiff is entitled to judgment on its Complaint. The Court finds as follows:

1. Defendant has breached the conditions of Plaintiff's mortgage originally in favor of MERS as nominee for First Horizon Home Loans, a Division of First Tennessee Bank, N.A., and recorded in Penobscot County Registry of Deeds in Book 11166, Page 209; by assignment subsequently undertaken, to MidFirst Bank and recorded in said Registry of Deeds in Book 12097, Page 314, entitling Plaintiff to a Judgment of Foreclosure regarding the premises described therein, also as described in attached Exhibit A hereto and incorporated herewith.

2. As of March 23, 2010, there is due and owing Plaintiff on its said mortgage from Defendant the following:

a.    Principal balance of $161,358.95;

b.    Accrued interest in the amount of $9,244.50 at the rate of 6.875% per annum per the subject note;

c.    Per diem interest in the amount of $30.39; a;

d.    Anticipated Attorneys fees and expenses of $2,176.32;

e.    Late Charges in the amount of $724.23;

f.    Escrow balance in the amount of $1,111.64;

g.    Pro Rata MIP/PMI in the amount of $65.56;

h.    Non-sufficient funds charge in the amount of $25.00;

i.    Other Fees in the amount of $118.00;

j.    Suspense balance in the amount of $768.25;

k.    Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage up to and including the date of redemption or sale.

WHEREFORE, it is hereby Ordered and Decreed that a Judgment of Foreclosure and Order of Sale is hereby entered in favor of Plaintiff, against Defendants, their successors, heirs and assigns, and if Defendants do not pay to Plaintiff the amounts adjudged to be due under Plaintiff's mortgage dated October 12, 2007, as set forth in paragraph 1 above, the balance of which is set forth in paragraph 2 above, with interest accruing thereon and costs as set forth in paragraph 2 above within ninety (90) days from the date of entry hereof, then Plaintiff shall sell Defendant's real estate free and clear of all liens and encumbrances pursuant to 14 M.R.S.A. §6321, et seq. It is ordered that Plaintiff cause notice of public sale of the premises to be republished once in each of three (3) successive weeks and shall hold said sale not less than thirty (30) days nor more than (45) days after the first date of that publication, all as according to Title 14 M.R.S.A. §6323 and shall disburse the proceeds of such sale in the following amounts and priorities:

a.    The first $174,056.45, plus $30.39 per day after March 23, 2010, plus additional attorneys' fees, additional late charges, real estate taxes, costs, expenses of sale and amounts advanced to protect the security of Plaintiff's mortgage up to and including the filing of the report of disbursement of foreclosure sale proceeds and any objections thereto, to the Plaintiff, MidFirst Bank;

b.    Any remaining funds to Defendants.

Judgment and execution shall enter and issue against Defendants for any deficiency, provided that the statutory requirements are met. Provided, however, that in the event that Defendants have either currently filed for protection or have been discharged under the provisions of the U.S. Bankruptcy Code then no judgment or execution shall issue against Defendants for any deficiency.

In the event Defendants have not redeemed within the ninety (90) day period as aforesaid and have not vacated the premises, Defendants are ordered to vacate the premises. Plaintiff is granted exclusive possession of the real estate and a Writ of Possession shall issue upon request of Plaintiff, its successors or assigns.

All parties have been properly served and given notice of the proceedings giving rise to this judgment in accordance with the applicable provisions of the Maine Rules of Civil Procedure and if notice has been served or given pursuant to an order of the Court, including service by publication, then that notice has been served or given pursuant to such order.

The names and address of all parties to the action, including counsel of record insofar as they are known to the Court are as follows:

Defendant:    Kevin G. Sherrard & Carla D. Sherrard 10 Sinclair Road, Levant, Maine

Plaintiff:    MidFirst Bank
              c/o David E. Stearns, Esq.; P.O. Box 2412, South Portland, ME 04116-2412


Acceptance of partial payment of the Defendants' indebtedness and application to the Defendants' indebtedness of any funds or proceeds, including, without limitation, any insurance proceeds, rents or profits from the property or realization of proceeds from the exercise of rights under Article 9 of the Uniform Commercial Code at any time before or after the date of this judgment, does not and shall not constitute a waiver of any of Plaintiff's rights in this action or as set forth in this judgment.

Plaintiff's counsel may cause an attested copy of this judgment to be recorded in the Registry of Deeds in the county or counties in which the subject property is located and Plaintiff shall be responsible for costs(s) of recordation.

The Clerk is specifically directed pursuant to Rule 79(a) of the Maine Rules of Civil Procedure to enter this Order on the civil docket by notation incorporating it by reference.

Dated: 5|9|11                          _X/ /\/\/_\_

ENTERED ON: 5/25/11                    Superior Court Justice
                                       Ann Murray

## CERTIFICATE BY THE CLERK

I, _____, Clerk of the Penobscot County Superior Court, pursuant to 14 M.R.S.A. §2401 (3)(F) as amended, do hereby certify that the applicable time period for appeal from the above Judgment of Foreclosure and Order of Sale has expired without action.

_____

EXHIBIT A

A certain lot or parcel of land situate in the Town of Levant, County of Penobscot, State of Maine, and depicted as Lot #3 on the "First Amendment to Final Plan, Country Estates, Avenue & Sinclair Roads, Levant, Maine, Amending First Record Recorded in Penobscot County Registry of Deeds, Map File 2005-138", which plan is recorded in the Penobscot County Registry of Deeds in Map File 2007-28.

This conveyance is made upon the following express conditions, obligations and restrictions, for breach of which the Grantor, his heirs or assigns, may enter and revest in himself title to the premises granted as if this deed had never been given, said conditions are as follows:

1. No derelict or junk automobiles or parts thereof or other types of motor vehicles not in operating condition or use are to be kept or stored on any lot.

2. No mobile home shall be placed on the above-described parcel.

3. The exterior of the buildings and the improvements of each lot, including grading of surrounding land, shall be completed within one year from the beginning date of construction.

PROVIDED, HOWEVER, that forfeiture for breach of the foregoing conditions, or any one of them, shall not operate to impair or diminish the lien of bona fide mortgages existing upon the premises at the time of the breach of conditions.

This conveyance is also made subject to any and all conditions, restrictions and obligations set forth on "First Amendment to Final Plan, Country Estates, Avenue & Sinclair Roads, Levant, Maine, Amending First Record Recorded in Penobscot County Registry of Deeds, Map File 2005-138", which plan is recorded in the Penobscot County Registry of Deeds in Map File 2007-28.

Being a portion of the same premises conveyed to the Grantor herein by deed of Mobile Home Associates Limited Partnership dated November 1, 1996 and recorded in the Penobscot County Registry of Deeds in Volume 6259, Page 116.

EXCEPTING AND RESERVING, however, the easement, right and privilege to use, maintain, repair or replace an underground, four-inch diameter foundation drain for the benefit of the premises shown as Lot 5 on a plan titled, "First Amendment to Final Plan, Country Estates, Avenue & Sinclair Roads, Levant, Maine, Amending First Record Recorded in Penobscot County Registry of Deeds, Map File 2005-138", which plan is recorded in the Penobscot County Registry of Deeds in Map File 2007-28 ("dominant estate") and affecting the premises shown as Lot 3 on said plan ("servient estate"), the approximate location of which drain is described as follows:

Beginning on the division line between Lot 3 and Lot 5 as shown by the above referenced plan, at a point on said division line that is 15 feet northerly of the iron rod marking the common corner of said lots on Sinclair Road; thence South 34 degrees, 38 minutes, 15 seconds West a distance of 246.7 feet to the easterly line of Avenue Road at a point that is 8.3 feet northerly, measured on the line of Avenue Road, from the iron rod marking the southwesterly corner of said Lot 3.

In the exercise of the rights hereby granted, the owner of the dominant estate shall be solely responsible for restoring the surface of the land of the owner of the servient estate to its original condition.

PENOBSCOT COUNTY, MAINE

Susan F. Bulay
Register of Deeds